NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2163-15T3

BANK OF AMERICA, N.A.,

 Plaintiff-Respondent,

v.

PIL S. OH AND JEOUNG
OK OH,

 Defendants-Appellants.
_____________________________

 Submitted August 8, 2017 – Decided August 21, 2017

 Before Judges Sabatino and Whipple.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Ocean County, Docket No.
 F-41618-13.

 Law Offices of Park & Kim, LLC, attorneys for
 appellants (Kyungjoo Park, on the brief).

 Winston & Strawn, LLP, attorneys for
 respondent (Heather E. Saydah, on the brief).

PER CURIAM

 Defendants Pil S. Oh and Jeoung Ok Oh appeal from a December

18, 2015 order entering final judgment in favor of plaintiff, Bank

of America, N.A. We affirm.
 On February 29, 2008, defendants executed a promissory note

in favor of American Partners Bank (APB) when they borrowed

$385,000. As security for the note, defendants executed a mortgage

secured by their Jackson Township property in favor of Mortgage

Electronic Registration System, Inc. (MERS) as nominee for APB and

APB's successors and assigns. On April 28, 2011, MERS assigned

the mortgage to BAC Home Loans Servicing, L.P. f/k/a Countrywide

Home Loans Servicing, L.P. (BAC). The assignment to BAC was

recorded on August 16, 2011. On July 1, 2011, BAC merged with

plaintiff. The note includes an allonge containing indorsements

from APB to Countrywide Bank FSB, and from Countrywide Bank FSB

to bearer by indorsement in blank.

 Defendants stopped making payments on the loan in December

2010. Plaintiff sent defendants Notices of Intent to Foreclose

on June 3, 2013, and subsequently filed a complaint to foreclose

in November 2013. On January 15, 2014, defendants filed an answer

asserting affirmative defenses and a counterclaim asserting

violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2

to -167, and the Truth in Lending Act, 15 U.S.C.A. §§ 1601-1616

(1968). On February 20, 2014, plaintiff moved to dismiss

defendants' counterclaims, which the motion judge granted on March

14, 2014.

 2 A-2163-15T3
 The matter proceeded to trial on November 5, 2014, where the

trial judge heard testimony from plaintiff's witness and

defendant, Pil S. Oh. The trial judge entered an order deeming

defendants' answer uncontested and referred the matter to the

Office of Foreclosure. On August 18, 2015, plaintiff moved for

the entry of final judgment, which was entered December 18, 2015.

 On appeal, defendants argue plaintiff's assignment was

invalid, plaintiff was not authorized to foreclose, and plaintiff

submitted unauthenticated documents. Defendants also argue the

court erred dismissing their counterclaims and defenses. We

disagree.

 We accord "substantial deference" to the trial judge's

determination and review the decision for an abuse of discretion.

Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315,

318 (App. Div. 2012) (citing U.S. Bank Nat'l Assoc. v. Guillaume,

209 N.J. 449, 467 (2012)). We will find a judge abused his or her

discretion only "when a decision is 'made without rational

explanation, inexplicably departed from established policies, or

rested on an impermissible basis.'" U.S. Bank Nat'l Assoc., supra,

209 N.J. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191

N.J. 88, 123 (2007)).

 A party attempting to foreclose a mortgage "must own or

control the underlying debt." Deutsche Bank Nat'l Tr. Co. v.

 3 A-2163-15T3
Mitchell, 422 N.J. Super. 214, 223 (App. Div. 2011) (quoting Wells

Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div.

2011)). Parties who can enforce such a negotiable instrument,

such as a note, include "the holder of the instrument, a nonholder

in possession of the instrument who has the rights of a holder,

or a person not in possession of the instrument who is entitled

to enforce the instrument pursuant to N.J.S.A. 12A:3-309 or

subsection d." N.J.S.A. 12A:3-301.

 Regarding the first category, a person to whom the instrument

is not payable may become the holder if there is a negotiation.

Ford, supra, 418 N.J. Super. at 598 (citing N.J.S.A. 12A:3-201(a)).

In order for a negotiation to occur there must be a transfer of

possession and an indorsement by the holder. Mitchell, supra, 422

N.J. Super. at 223. An indorsement requires "a signature, other

than that of a signer as maker, drawer, or acceptor, that alone

or accompanied by other words is made on an instrument for the

purpose of negotiating the instrument." Ibid. (quoting N.J.S.A.

12A:3-204(a)). Without this indorsement, standing may be

insufficient to satisfy this category. Ford, supra, 418 N.J.

Super. at 598.

 To fall within the second category, one must show the transfer

of rights to the note. Id. at 599. Transfer occurs "when it is

delivered by a person other than its issuer for the purpose of

 4 A-2163-15T3
giving to the person receiving delivery the right to enforce the

instrument." N.J.S.A. 12A:3-203(a). This transfer "vests in the

transferee any right of the transferor to enforce the instrument"

whether or not a negotiation also occurs. N.J.S.A. 12A:3-203(b).

 If the transferee is not a holder because the
 transferor did not indorse, the transferee is
 nevertheless a person entitled to enforce the
 instrument under section 3-301 if the
 transferor was a holder at the time of
 transfer. Although the transferee is not a
 holder, under subsection (b) the transferee
 obtained the rights of the transferor as
 holder.

 [UCC Comment 2 to N.J.S.A. 12A:3-203.]

 Documents establishing transfer, including an assignment of

a mortgage, must be properly authenticated with certifications

based on personal knowledge, as required by Rule 1:6-6. Ford,

supra, 418 N.J. Super. at 599-600.

 Here, plaintiff falls within the first category. MERS

assigned the mortgage to BAC, who merged to become plaintiff. This

is documented by the indorsement on the note. MERS, as nominee

for APB and its successors and assigns, had the authority to assign

the mortgage to BAC, even if APB was no longer in business. This

is apparent from the plain language "successors and assigns."

During the trial, plaintiff's witness testified plaintiff, or its

predecessor, BAC, has been in possession of the note since 2008,

shortly after the loan originated. Based on our review of the

 5 A-2163-15T3
record, we are satisfied plaintiff was the holder of the note,

thereby establishing the assignment was valid and plaintiff had

standing to foreclose.1

 Defendants argue the trial judge erred by not considering

their defenses and counterclaims. Based upon the record before

us, we see no reason to disturb the trial judge's finding

defendants failed to establish by clear and convincing evidence

the existence of fraud. Additionally, defendants have failed to

support their affirmative defenses and counterclaims by credible

evidence in the record; therefore, the trial judge did not err in

striking the defenses and counterclaims.

 Defendants argue the trial judge erred by allowing in

inadmissible hearsay by plaintiff's witness which allowed

documents to be submitted into evidence during trial. Defendants

did not object to this testimony below, therefore we are

constrained to review defendants' argument under the plain error

standard.

1
 Defendants argue MERS did not have the authority to assign the
mortgage because the principal no longer existed at the time of
the assignment. Defendant has provided no support for such a
position. Other jurisdictions have considered the issue and
determined the dissolution of the original lender does not affect
MERS's ability to assign a mortgage, see, e.g., Rosa v. Mortg.
Elec. Registration Sys., Inc., 821 F. Supp. 2d 423, 431 (D. Mass.
2011). We have never addressed this issue and do not address it
based on this record.

 6 A-2163-15T3
 We "will decline to consider questions or issues not properly

presented to the trial court when an opportunity for such a

presentation is available 'unless the questions so raised on appeal

go to the jurisdiction of the trial court or concern matters of

great public interest.'" Nieder v. Royal Indem. Ins. Co., 62 N.J.

229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58

N.J. Super. 542, 548 (App. Div. 1959), certif. denied, 31 N.J. 554

(1960)). After reviewing the record, we do not find the issue to

go to the jurisdiction of the trial court or concern matters of

great public interest. Additionally, plaintiff's witness was

allowed to testify to the business records presented based upon

the business record exception to the hearsay rule as he was an

employee of plaintiff, was familiar with the business records, and

testified the records were created in the ordinary course of

business. See N.J.R.E. 803(c)(6).2 As such, the trial judge did

not err in allowing the admission of the testimony.

2
 N.J.R.E. 803(c)(6) states,

 A statement contained in a writing or other
 record of acts, events, conditions, and,
 subject to Rule 808, opinions or diagnoses,
 made at or near the time of observation by a
 person with actual knowledge or from
 information supplied by such a person, if the
 writing or other record was made in the
 regular course of business and it was the
 regular practice of that business to make it,

 7 A-2163-15T3
Affirmed.

 unless the sources of information or the
 method, purpose or circumstances of
 preparation indicate that it is not
 trustworthy.

 8 A-2163-15T3